## LANGDEN LITTLEHALE *vs.* JOEL DIX, JR.

The certificate of a magistrate taking a deposition, that the deponent lives more than thirty miles from the place of trial, as the cause for taking it, is sufficient *primâ facie* evidence of that fact to render the deposition admissible.

A person guilty of a wilful assault and battery cannot show that, from the intemperate habits of the other party, the injury was more aggravated than it would have been upon a person of temperate habits.

THIS was an action for an assault and battery. At the trial in the court of common pleas, before *Hoar*, J. the plaintiff offered the deposition of Luther Johnson, of Haverhill, in the county of Essex, taken before a justice of the peace, pursuant to Rev. Sts. c. 94. The defendant objected to the admission of the deposition, because it nowhere appeared in the deposition itself, that Haverhill is more than thirty miles from Concord, the place of trial. In the caption the magistrate certified as follows: " The said deponent lives more than thirty miles from the place of trial, and this is the cause for taking this deposition." The presiding judge held this *primâ facie* sufficient, and overruled the objection. Both parties introduced evidence relating to the temperate and intemperate habits of

the plaintiff before the alleged injury; the defendant's counsel proposed to argue to the jury upon the evidence introduced by him, that the injury was very much aggravated or increased by the intemperate habits of the plaintiff before the alleged injury, for which this defendant was not liable. The judge, however, instructed the jury that the defendant was responsible for all the injury caused the plaintiff by a wilful and unjustifiable assault by the defendant upon him, in the condition in which the plaintiff was at the time the assault was made, although the plaintiff by his own previous imprudent or foolish conduct had brought himself into a state of health in which such an assault would do him more injury than it would to a person of more strength and vigor, and that, in this view, the previous intemperate habits of the plaintiff would be immaterial; but that they were competent for the consideration of the jury, so far as they might account for any disease or suffering endured by the plaintiff, and show that they were not the direct result of the assault, or so far as they might show that the time and labor of the plaintiff were of less value, or that in any way he would not sustain so much injury from the assault as an ordinary person free from such habits. The jury found a verdict for the plaintiff, and to these rulings the defendant excepted. The case was argued and determined at Boston in January, 1854.

*M. G. Cobb*, for the defendant.

*J. Q. A. Griffin*, for the plaintiff.

BIGELOW, J. It is made the duty of a magistrate taking a deposition to state in his certificate "the reason for taking it." Rev. Sts. *c.* 94, § 23. This is *primâ facie* proof of the fact, and is sufficient to render a deposition admissible, unless it is controlled by other evidence. *West Boylston* v. *Sterling*, 17 Pick. 126; *Kinney* v. *Berran*, 6 Cush. 394. Nor is it necessary that it should appear by the deposition or the certificate in what manner or by what evidence the magistrate was satisfied of the existence of the cause of the taking. It is sufficient that he certifies to the fact upon his official responsibility. In the present case the magistrate certified in due form that the deponent lived more than thirty miles from the

place of trial. No evidence was offered to control the certificate, and the court was not bound to take judicial notice of the distance of one place from another. 1 Greenl. Ev. § 6. The deposition was therefore rightly admitted.

The instructions given to the jury were sufficiently favorable to the defendant. An assault and battery is none the less a wrong for which the party injured is entitled to damages, because inflicted on a person enfeebled by disease or by any other cause. The defendant could not screen himself from the legitimate consequences of his own unlawful act by proof of the bad habits of the plaintiff. *Exceptions overruled.*